

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

F. #2016R01012

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 26, 2017

By ECF and Hand

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Mark Johnson
               Criminal Docket No. 16-457 (NGG)

Dear Judge Garaufis:

      The government respectfully submits this letter to request that the Court preclude the defendant from using transcripts marked as defense exhibits 514T, 544T, 405T, 407T, 502T, 503T, 507T, 508T, 509T, 513T, 514T, 515T, 520T, 524T, 529T, 530T, 536T, 537T, 538T, 539T, 540T, 551T, 552T, 553T, 555T, 557T, 559T, 562T, 563T, 559T, 583T, 584T, 585T, 589T, 593T, 594T, 596T, 1416T and 608T (the "defense transcripts") as guides to the jury.

      At the close of the trial day this afternoon, defense counsel produced to the government, for the first time, 39 transcripts, comprising approximately 120 double-sided pages, that purport to reflect statements of witness Dipak Khot,[1] and other individuals, on various audio recordings produced to the defense by the government over the course of this case. The defense advised the government that they intended to present these transcripts as guides to the jury during the cross-examination of Mr. Khot tomorrow. The defense confirmed that none of these transcripts had previously been produced, nor, to the government's knowledge, have they ever been reviewed for accuracy by the witness.

      The government respectfully submits that, under these circumstances, the defense transcripts are insufficiently reliable to be presented to the jury, even as guides. "Transcripts of tape-recorded conversations may be given to a jury in a criminal trial for the purpose of aiding the jury in following along if certain precautions are taken to ensure accuracy."  United States v.

---

[1]     Defense Exhibit 539T does not include Mr. Khot among the list of participants or attribute any statements to Mr. Khot. The basis for introducing this exhibit on cross-examination of Mr. Khot is unclear.

Ben-Shimon, 249 F.3d 98, 101 (2d Cir. 2001).  These precautions include "the court [holding] and in camera hearing, and the parties either [agreeing] to the accuracy of the transcript or offer[ing] competing versions to be presented to the jury."  Id.  See also United States v. Bryant, 480 F.2d 785, 791 n.4 (2d Cir. 1973) ("We have approved the procedure of admitting transcripts as an aid in listening to tape recordings where the transcripts were stipulated to be accurate."); United States v. Chiarizio, 525 F.2d 289, 293 (2d Cir. 1975) ("In cases where the defense and prosecution disagree as to the contents of the tape, the proper procedure is for the jury to receive transcripts of both sides' versions.").

In accordance with these rules, the government engaged in a months-long dialogue with the defense prior to trial to reach agreement as to the accuracy of the transcripts the government sought to introduce as guides for the jury in its direct case.  The government conferred with the defense on several occasions, and in many instances, revised the transcripts in the manner the defense suggested.  The defense has not engaged in any similar process with regard to the defense transcripts, despite the government having previously asked them to supply the transcripts they intended to use in advance of trial so that the parties could reach agreement.[2]

Now, at the eleventh hour, the government is not able to review the 39 transcripts for accuracy or stipulate to their accuracy, particularly as we are not able to present the transcripts and recordings to the witness who would be able to confirm the words spoken therein.  Nor is the government able to produce competing transcripts to present to the jury, or to the Court at an in camera hearing, absent a considerable delay of the trial.

The requisite precautions necessary to sufficiently ensure the transcripts' accuracy have not been taken, despite the defense having an abundance of opportunities to do so.  The

---

[2]     As a result of that request, the defense produced four transcripts of audio that they intend to offer during the defense case.  Following the same process outlined herein, the government reviewed and agreed to the accuracy of those transcripts.  None of those transcripts are included in the batch produced to the government this evening.

defense transcripts are insufficiently reliable to be presented to the jury, and the defendant should be precluded from presenting them.

          Respectfully submitted,

          BRIDGET M. ROHDE
          Acting United States Attorney

By:   /s/ Lauren Elbert
      Lauren Elbert
      Assistant U.S. Attorney
      Eastern District of New York

      /s/ Carol Sipperly
      Carol Sipperly, Assistant Chief
      Brian Young, Assistant Chief
      Blake Goebel, Trial Attorney
      Criminal Division, Fraud Section
      U.S. Department of Justice

cc:     Frank Wohl, Esq. (by ECF)